# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTOPHER MILLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 10-2061-CM |
| **QUEST DIAGNOSTICS,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action against his former employer for failing to compensate plaintiff according to the parties' employment agreement. Defendant terminated plaintiff's employment, allegedly after receiving complaints from clients about plaintiff's performance. Defendant claims to have terminated plaintiff's employment for cause, but plaintiff claims that defendant had an obligation to provide 30-days' notice of termination and four months' salary. Plaintiff brings claims for (1) breach of contract; (2) fraud and misrepresentation; (3) negligent misrepresentation; (4) breach of the covenant of good faith and fair dealing; and (5) defamation. Defendant filed Defendant's Motion to Dismiss (Doc. 8), seeking dismissal of all claims.

Both defendant and plaintiff attach a number of documents to their briefs. But a motion to dismiss is to be decided based on the allegations in plaintiff's complaint. *See Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999) ("[A] motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."); *see also* Fed. R. Civ. P. 12(d). The court retains the discretion to decide whether to consider the materials. *Id.* Here, each party's evidence is self-serving and contradicted by the evidence of the other party. The court will not consider the materials attached to either party's brief.

Because the court does not consider the outside materials, several of defendant's arguments must fail at this stage of the litigation. First, defendant asks the court to dismiss plaintiff's complaint because plaintiff merely disagrees with the client complaints that defendant received, but as long as defendant acted in good faith upon the complaints, defendant is insulated from relief. The problem with defendant's argument is this: Plaintiff does not claim that the complaints were unwarranted. He claims that clients did not complain. The court accepts plaintiff's well-pleaded claims as true, and defendant cannot prevail at this stage of the litigation.

Second, defendant argues that plaintiff cannot state a claim for breach of contract because plaintiff was terminated with cause. But plaintiff's complaint alleges facts suggesting that defendant lacked cause for termination. Defendant's argument is without merit.

Third, defendant argues that plaintiff's claim for fraud and misrepresentation fails because defendant had cause to terminate plaintiff. Again, plaintiff alleges that defendant lacked cause. This basis for dismissal is unavailing.

Defendant makes three additional arguments why the court should dismiss certain claims: (1) plaintiff cannot state a claim for fraud and misrepresentation because plaintiff claims that defendant misrepresented its future intent; (2) plaintiff did not plead his defamation claim with the requisite specificity; and (3) plaintiff's defamation claim fails because any alleged statements are privileged. The court addresses each of these arguments in turn.

A claim for fraud and misrepresentation ordinarily is only viable if the relevant misrepresentations relate to pre-existing or present facts. *See Flight Concepts Ltd. P'Ship v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994) (citing *Edwards v. Phillips Petrol. Co.*, 360 P.2d 23, 26 (Kan. 1961)). In other words, promises about future occurrences are not ordinarily actionable. *See*

*id.* But courts make an exception for situations where the evidence shows that at the time the promisor made the promise, he did not intend to perform the action. *Edwards*, 360 P.2d at 23. Here, plaintiff has alleged that at the time defendant entered into the employment agreement, defendant did not intend to comply with the provisions for termination without cause. At this stage of the litigation, plaintiff's allegation is sufficient to survive a motion to dismiss.

On the other hand, the same exception does not apply to claims for negligent misrepresentation. *Zhu v. Countrywide Realty, Co.*, 165 F. Supp. 2d 1181, 1206 (D. Kan. 2001). A negligent misrepresentation claim may not rest on an intent to perform. *Wilkinson v. Shoney's, Inc.*, 4 P.3d 1149, 1167 (Kan. 2000); *Eckholt v. Am. Bus. Info., Inc.*, 873 F. Supp. 526, 532 (D. Kan. 1994) ("To recognize a claim for negligent promise . . . would be to endow every breach of contract with a potential tort claim for negligent promise."). Plaintiff's only claim for negligent misrepresentation involves defendant's intent to perform future actions. This is not actionable under Kansas law. The court therefore dismisses plaintiff's negligent misrepresentation claim.

With respect to plaintiff's defamation claim, dismissal is not appropriate at this juncture. Plaintiff has alleged enough facts to satisfy the heightened pleading standard applicable to defamation claims. And plaintiff has alleged that defendant made the statements with malice. If defendant made the statements in bad faith, defendant would not be entitled to a privilege regarding the statements. *See Luttrell v. United Telephone Sys. Inc.*, 683 P.2d 1292, 1293 (Kan. 1984) (noting that an employer may be entitled to a qualified privilege for communication made in good faith on limited subject matters to limited parties). Again, although defendant claims that the statements were based on fact (*i.e.*, that defendant had received complaints about plaintiff's performance) and made in good faith, plaintiff claims that no such complaints existed. At this point, the court cannot find as a matter of law that defendant's statements were privileged.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is denied in part and granted in part. Plaintiff's claim for negligent misrepresentation is dismissed. All other claims remain in the case at this time.

Dated this 30th day of April 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
