# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER MILLER, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| v. | ) Case No. 10-2061-CM-DJW |
| | ) |
| QUEST DIAGNOSTICS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On December 20, 2010, the Court held a motion hearing on Plaintiff's Motion to Strike and For Sanctions Against Defendant For Failure to Disclose Documents in Discovery Pursuant to Fed. R. Civ. P. 37(c)(1) (ECF No. 42). Plaintiff, through the Motion, asked that the Court sanction Defendant for failure to comply with the Scheduling Order, as well as the deadline for supplemental disclosures under Fed. R. Civ. P. 26(e). Plaintiff argued that Defendant's counsel served Plaintiff's counsel with a 64 page supplemental discovery response on December 1, 2010, well outside the October 15, 2010 discovery deadline and the deadline for supplemental disclosures.

Plaintiff also claimed that the "supplemental" discovery document consisted mainly of internal office emails that were not mentioned in Defendant's initial Rule 26 disclosures, Rule 26 supplemental disclosures, in response to interrogatories, or in response to requests for production of documents. Plaintiff further claimed that the documents produced on December 1, 2010 did not state which disclosure category they fell into, or state which discovery requests they were responsive to. Plaintiff therefore argued that he was prejudiced by the late production of these documents, and asked that the Court sanction Defendant for violating the Court's Scheduling Order and Fed. R. Civ. P. 26(e).

Specifically, Plaintiff asked that sanctions be awarded under Fed. R. Civ. P. 37(c)(1), which provides in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure.[1]

Plaintiff asked that the Court sanction Defendant by striking the documents produced on December 1, 2010.

At the hearing on December 20, 2010, Defendant's counsel explained that she had primary responsibility for this matter until she went on maternity leave in early July 2010. When she returned in mid-October, another attorney in her firm had presumed primary responsibility and had undertaken discovery in the matter, including responding to written discovery and taking the first day of Plaintiff's deposition. Then, in late October 2010, Defendant's counsel learned that the attorney who took over the case was resigning from her firm, and therefore she was to resume primary responsibility for this matter. Defendant's counsel further explained that while she was preparing for depositions in this case, which were scheduled for December 2 and 3, 2010, she determined that approximately 64 pages of documents inadvertently had not been produced when Defendant responded to Plaintiff's discovery requests on September 15, 2010. Defendant's counsel also argued that the Court should not strike the documents produced, as they are relevant to this case and, in some instances, contain information critical to the dispute between the parties. Defendant's counsel therefore asked that the Court deny Plaintiff's Motion.

---

[1] Fed. R. Civ. P. 37(c)(1).

After hearing counsels' respective arguments on December 20, 2010, the Court granted in part Plaintiff's Motion, denying the request to strike the documents produced on December 1, 2010, but granting Plaintiff the reasonable expenses, including attorney's fees, incurred due to the delay in producing the documents (*See* ECF No. 44). The Court therefore ordered Plaintiff's counsel to file an affidavit outlining the damages suffered by Plaintiff due to the delay in production of the documents, and Defendant's counsel was given an opportunity to respond to this affidavit.

Plaintiff's counsel filed her Affidavit (ECF No. 43) on December 22, 2010, Defendant's counsel filed her Response (ECF No. 48) on January 7, 2010, and Plaintiff's counsel filed her Reply (ECF No. 49) and an additional affidavit (ECF No. 50) on January 18, 2011. Having reviewed and considered all relevant affidavits and pleadings, the Court concludes that sanctions should be awarded against Defendant's counsel's law firm. The Court awards sanctions against Defendant's counsel's law firm, as opposed to Defendant, because there is no evidence that Defendant is responsible for the delay in producing the documents. Rather, it appears to the Court that blame lies with Defendant's counsel's law firm, which is responsible for properly supervising its attorneys and making reasonable efforts to ensure that the firm's lawyers comply with the applicable rules.[2]

The Court further concludes that an award of $2,500.00 against Defendant's counsel's law firm is reasonable and appropriate. The Court finds that this represents the reasonable expenses

---

[2] "To the extent possible, sanctions should be imposed only upon the person or entity responsible for the sanctionable conduct." *Kan. Wastewater, Inc. v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 532 n.28 (D. Kan. 2003) (citing *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000)). The sanctioning of a party, as opposed to the party's counsel, "requires specific findings that the party was aware of the wrongdoing." *McCoo*, 192 F.R.D. at 697. Sanctions shall be imposed against the law firm rather than the individual attorneys representing Defendant. *See id.* at n. 7 (holding law firm rather than individual attorneys responsible for payment of fees and expenses awarded under Rule 37(a)(4)); *see also* Kansas Rule of Professional Conduct 5.1 (partners or shareholders in law firm are responsible for making reasonable efforts to assure that the firm's lawyers conform to the rules of professional conduct).

incurred by Plaintiff due to the delay in producing the documents as opposed the the much larger amount requested by Plaintiff.  Defendant's counsel's law firm shall remit $2,500.00 to Plaintiff **within 20 days** of the date of this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 18th day of March 2011.

s/ David J. Waxse<br>David J. Waxse<br>U.S. Magistrate Judge

cc: All counsel and *pro se* parties